33 F.3d 54
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Maurice ERBY, Plaintiff-Appellant,
v.
Kendall APELGREN, c/o; Bryan Holman; Rodney Bonevelle;
Becky Sadler, Nurse; Sandra Monroe, Nurse,
Defendants-Appellees.
 No. 93-2240.
 United States Court of Appeals, Sixth Circuit.
 Aug. 12, 1994.
 
 1
 Before: MARTIN and SUHRHEINRICH, Circuit Judges, and JORDAN, District Judge.*
 
 ORDER
 
 2
 Maurice Erby, a Michigan state prisoner, moves for the appointment of counsel and appeals a district court judgment for the defendants following a bench trial in this action filed under 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Erby alleged in his complaint that three prison guards had unjustifiably assaulted him by repeatedly punching and kicking him while he was confined in restraints and that two prison nurses had denied him needed medical attention for his injuries following this incident. He alleged violations of his Eighth Amendment rights and his right to equal protection. Defendants moved for summary judgment, arguing that Erby had assaulted a guard by spitting in his face and kicking him, and that minimal force was necessary to return Erby to his cell, resulting in minor injuries which required little or no treatment. A magistrate judge recommended that the defendant nurses be granted summary judgment and that all defendants be granted judgment on the equal protection claim, but that the Eighth Amendment claim against the three guards proceed to a bench trial. Erby did not object to this recommendation, which was adopted by the district court. Following a bench trial, the district court entered judgment for the defendants and denied Erby's motion for a new trial.
 
 
 4
 This appeal followed. This court previously ordered production of the transcript at government expense. Erby raises five arguments in his appellate brief. Upon review, we conclude that none of the issues raised has merit.
 
 
 5
 Erby first complains of the destruction of videotape evidence by the defendants. Videotapes were made following this incident when Erby was examined by the nurses and when he was moved to a different cell. Defendants offered evidence that, because Erby did not resist these efforts, no further incident occurred and that the videotapes were routinely erased pursuant to prison policy. Erby offered nothing but his conclusion that the tapes were maliciously destroyed to hinder predicted litigation. This claim was properly rejected by the district court.
 
 
 6
 Erby also argues that the district court incorrectly determined that he had not established any entitlement to damages. Damages will not be assumed from an Eighth Amendment violation, but must be established by the plaintiff. Parrish v. Johnson, 800 F.2d 600, 609 (6th Cir.1986). Moreover, as the district court found no Eighth Amendment violation here, this issue is irrelevant.
 
 
 7
 Erby maintains that the district court erred in denying his repeated motions for the appointment of counsel. However, review of the record reveals no abuse of the district court's discretion in this regard. See Henry v. City of Detroit Manpower Dep't, 763 F.2d 757, 760 (6th Cir.) (en banc), cert. denied, 474 U.S. 1036 (1985).
 
 
 8
 Erby also argues in a conclusory fashion that the district court judge was biased against him. Review of the record does not support this assertion.
 
 
 9
 Finally, Erby argues that the verdict for the defendants was against the weight of the evidence. This case involved a credibility determination between the version of the incident testified to by the plaintiff's witnesses and that offered by the defendants' witnesses. A trier of fact's credibility determination is entitled to great deference. Anderson v. City of Bessemer City, N.C., 470 U.S. 564, 575 (1985). Where two permissible views of the evidence exist, the factfinder's choice between them cannot be clearly erroneous. Id. at 574. Review of the transcript reveals no basis for overturning the district court's judgment.
 
 
 10
 Accordingly, the motion for counsel is denied, and the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Leon Jordan, U.S. District Judge for the Eastern District of Tennessee, sitting by designation